**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
INDIANA INDIANAPOLIS DIVISION**

| | |
|---|---|
| IN RE: COOK MEDICAL, INC, IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to Plaintiff

Sonya Frazier
Civil Case # 1:18-cv-02581-RLY-TAB

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION FOR JUDGMENT UNDER CMO 28**

Cook Defendant's ("Cook") motion asserting that Plaintiff's claims are time barred under the six-year statute of repose in North Carolina (Doc. 21171) fails for several reasons. First, under North Carolina law, a manufacturer "waives" the statute of repose ("SOR") defense when it offers an extended warranty period that exceeds the SOR period. Second, Cook is equitably estopped from asserting the SOR as a defense based on fraudulent concealment of material facts regarding its filter. Third, Plaintiff's claims fall under the "disease exception" rendering the SOR inapplicable. And fourth, the 12-year SOR applies to Plaintiff's claims.

1. <u>Plaintiff's Express Warranty Claims Are Not Barred Under the SOR.</u> In North Carolina parties are "free to contract as they deem appropriate" therefore, a manufacturer may "bargain away" or "waive" the benefits of the SOR by providing an express warranty for a period that exceeds the SOR time limit. *Christie v. Hartley Construction, Inc.*, 367 N.C. 534, 766 S.E.2d 283, 288 (2014) (the twenty-year warranty at issue exceeded the 6-year SOR precluding its application). There is no public policy that prevents the beneficiary of the SOR such as Cook from bargaining away that benefit. *Id*. By making "affirmations of fact" that its Gunther Tulip filter (the "filter") is "safe and effective as a permanent filter," to physicians and patients, Cook warranted its filter.[1] According to Cook, the filter can safely remain in the patient permanently making removal unnecessary, thus providing Plaintiff with a lifetime warranty of safe and effective use. Cook's affirmations are express warranties under North Carolina law.[2] *See e.g. Bussian v. DaimlerChrysler Corp.*, 411 F.Supp.2d 614, 620 (M.D. N.C. 2006)(representations regarding "projected design life," "durability," and being

---

[1] Commensurate herewith Plaintiff filed her motion for leave to file her amended SFC to add more specific allegations regarding Cook's express warranties which is incorporated herein as if fully set forth at length. Dkt. 21334. incorporated herein by reference.

[2] Section 25-2-313 of the North Carolina General Statutes defines express warranties as:
  (a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise….
  (2) It is not necessary …that the seller use formal words such as "warrant" …. or [intend]to make a warranty, …

1

"maintenance free" are sufficient to state a claim for breach of express warranty).[3] *See also Goodling v. Johnson & Johnson,* No. 4:21-CV-00082, 2022 WL 414285, at *12 (M.D. Pa. Feb. 10, 2022)(Representations that a "pelvic mesh implant" is "a permanent implant" that "would not need to be removed," are warranties that extend to future performance). Plaintiff discussed the filter with her doctor, including the representations and warranties that the filter is safe and effective as a "permanent" filter and relied on these representations and warranties.[4] Plaintiff's reliance formed the "basis of the bargain" in deciding to have the filter implanted.[5] Additionally, reliance on her doctor's medical judgment alone creates a presumption that the manufacturer's representations, which formed the basis of the doctor's medical judgment, are part of the basis of the bargain. *Felan v. Bos. Scientific Corp.*, 2015 WL 2137180, at *11 (S.D.W. Va. May 7, 2015) (applying North Carolina law). Cook violated these warranties because the filter is defective and not "safe and effective as a permanent filter" and caused injuries to Plaintiff by perforating her IVC and lodging near her aortic wall causing pain.[6] Cook warranted its product for a period exceeding the SOR period when it advertised and represented the filter as a safe and effective "permanent" filter to gain a competitive edge and induce physicians and patients to choose its filter.[7] Cook "bargained away" the benefits of the SOR defense and may not rely on it now to defeat Plaintiff's claims. *Christie*, 766 S.E.2d at 288 ("A warranty that a seller knows is unenforceable is a sham, useful only to beguile the unsuspecting.") Because Cook warranted the filter for a period exceeding the 6-year SOR and that warranty formed the basis of the bargain, Plaintiff's claims are not subject to the SOR.

---

[3] S*ee also*, *Christie*, 766 S.E.2d at 286 discussing the appellate court majority's improper reliance on *Roemer v. Preferred Roofing, Inc.,* 660 S.E.2d 920 (2008) which improperly cut short a "lifetime warranty" based on the SOR.
[4] These allegations must be taken as true and construed in Plaintiff's favor and are "specific enough" at the pleading stage. *Jones v. BMW of North America, LLC*, 2020 WL 5752808, *16-17 (M.D. N.C. Sep. 25, 2020). *Also see* Dkt. 21335 at 24.
[5] *Id.*
[6] *Id.* at 21.
[7] Ultimately, the question of "whether an express warranty existed and was breached is one for the jury" *City of High Point v. Suez Treatment Sols.*, 485 F. Supp. 3d 608, 628 (M.D.N.C. 2020)

2. <u>The Doctrine of Equitable Estoppel Precludes Cook's Reliance on the SOR</u>. North Carolina courts apply the principle that a defendant may be equitably estopped from using a statute of limitations or repose "as a sword" to unjustly benefit from his own conduct which induced a plaintiff to delay filing suit." *Ferro v. Vol Vo Penta of the Americas, LLC,* No. 5:17-CV-194-BO, 2017 WL 3710071, at *4 (E.D.N.C. Aug. 28, 2017), aff'd sub nom. Ferro v. Volvo Penta of the Americas, LLC, 731 F. App'x 208 (4th Cir. 2018); *Trillium Ridge Condo. Ass'n, Inc. v. Trillium Links & Vill., LLC*, 236 N.C. App. 478, 496 (N.C. Ct. App. 2014). The North Carolina courts recognize the doctrine of equitable estoppel based on fraudulent concealment. *In re Biomet M2a Magnum Hip Implant Prod. Liab. Litig.,* No. 3:12-MD-2391, 2019 WL 110892, at *3 (N.D. Ind. Jan. 3, 2019).

> In order to establish equitable estoppel as a bar . . . :(1) the defendant must have conducted itself in a manner 'which amounts to a false representation or concealment of material facts'; (2) this conduct must have been intentional; and (3) the defendant must have 'knowledge, actual or constructive, of the real facts.' The plaintiff must also demonstrate that: (1) it has 'a lack of knowledge and the means of knowledge as to the real facts in question;' and (2) it 'relied upon the conduct of the party sought to be estopped to his prejudice.'

*Ferro,* WL 3710071 at *9 (citations omitted). As set forth above regarding Plaintiff's express warranty claims and more particularly in Plaintiff's amended complaint, Cook's representations that the filter is "safe and effective as a permanent filter" are false.[8] Moreover, Cook fraudulently concealed the information from studies it conducted demonstrating the filter was not "safe and effective as a permanent filter" from Plaintiff, her physician and the medical community. [9] Cook maintained the secrecy of this information precluding access to it.[10] Plaintiff relied on Cook's false representations and concealment to her detriment, i.e. she would not have implanted the filter or only

---

[8] Dkt. 21335 at 2
[9] *Plaintiff Steering Committee's Response in Opposition to Defendant's Renewed Motion for Partial Dismissal of Claims of Fraudulent Concealment* DKT No. 18900 at 26 incorporated herein by reference. *See* Dkt. 21335 at 6.
[10] Dkt. 21335 at 6;Dkt. 18900 at 26.

3

agreed that the filter be implanted temporarily in very limited circumstances.[11] Instead, it remained implanted as a "permanent" filter until it caused her injuries.[12] The allegations in Plaintiff's amended complaint and the DKT 18900 must be taken as true and construed in favor of Plaintiff.[13] Therefore, under the doctrine of equitable estoppel, Cook may not rely on the SOR to bar Plaintiff's claims.[14]

      3. <u>Plaintiff's Claims Fall Under the "Disease Exception" to the SOR</u>. North Carolina recognizes a *disease exception* to its SOR.[15] *Wilder v. Amatex Corp.*, 336 S.E.2d 66, 67 (N.C. 1985); *Bullard v. Dalkon Shield Claimants Trust*, 74 F.3d 531, 533 (4th Cir. 1996); *In re Biomet M2a Magnum Hip Implant Prod. Liab. Litig.*, No. 3:12-MD-2391, 2019 WL 110892 (N.D. Ind. Jan. 3, 2019)(applying North Carolina law).[16] The *Biomet* court noted the "disease exception" to the SOR under the *Wilder* case (as applied in *Hyer v. Pittsburgh Corning Corp.*, <u>790 F.2d 30, 33-34</u> (4th Cir. 1986)) has been followed by the majority of federal courts since 1986. *Biomet*, at *5. And correctly so, as the Fourth Circuit already held, the "disease exception" applies to cases involving an implanted device (such as an IUD causing inflammation) when addressing the same SOR relied on by Cook. *Bullard v. Dalkon Shield Claimants Trust*, 74 F.3d 531, 532 (4th Cir. 1996) (applying *Wilder* and

---

[11] Dkt. 21335 at 47; Dkt. 18900 at 26.
[12] Dkt. 21335 at 45-46.
[13] See FN 4, *supra*.
[14] At a minimum the facts as plead regarding the elements of equitable estoppel create fact issues that preclude summary judgment. *See e.g.*, *Trillium*, 236 N.C. App. at 498 ("As a result, given that the record discloses the existence of a genuine issue of material fact concerning the extent to which Trillium Construction is estopped from asserting the statute of limitations or the statute of repose in opposition to Defendant's negligent construction claim, the trial court erred by granting summary judgment in favor of Trillium Construction with respect to this issue.")
[15] North Carolina never intended to have the SOR apply to disease cases: "Nothing in this act is intended to change existing law relating to product liability actions based upon disease" N.C. Gen. Stat. §1-36.1(a)(1)
[16] The North Carolina disease exception has been interpreted by both the 4th (*Bullard v. Daikon Sheild*, supra) and 7th circuits— *Klein v. Depuy, Inc.*, 506 F.3d 553 (7th Cir. 2007)("Klein"). But *Klein* has been criticized. *See e.g. In re Paraquat Prods. Liab. Litig.*, MDL 3004 (S.D. Ill. Feb. 14, 2022)discussing *Klein* and *Bullard* and concluding the disease exception does apply to personal injury claims reasoning:
    In the Biomet MDL, Judge Miller . . .aptly observed that by taking the *Klein* approach, . . . a question of first impression arose as to whether a "disease exception" exists for. . ., § 1-50(a)(6). . . By taking the *Hyer* approach, the "disease exception" first referenced in *Wilder* applies to most, if not all, statutes of repose. *Id.* Judge Miller determined that a federal district court in North Carolina had a much better chance of deciding which path was the right one to take . . .Since the decision in the Biomet MDL, a North Carolina district court has again followed *Hyer* in recognizing a latent disease exception to . . .§ 1-50(a)(6). *Cramer v. Ethicon*, . . .

*Hyer* to address the North Carolina SOR). The issue is not whether the offending product is an implantable medical device, but rather the difficulty or impossibility in establishing the exact time of injury and whether the harm caused by the product would not be readily apparent with the passage of time until diagnosis. *Id*. at 535. *See also*, *Sutherland v. DCC Litig. Facility, Inc. (In re Dow Corning Corp.)*, 778 F.3d 545, 553 (6th Cir. 2015)(applying North Carolina law)("Remand is appropriate here, where there is a genuine dispute of material fact regarding when Ms. Sutherland knew that it was her implants that were causing her many symptoms, which emerged over several years and were given several different diagnoses.") Similarly, it was not until 2017 that Plaintiff learned the filter could cause harm.[17] Additionally in 2019, a CT scan confirmed the implanted filter was perforating her IVC.[18] Plaintiff never knew when the filter first began perforating her vein, or when it first became irretrievable, or that the filter was causing her pain and DVTs until diagnosed by her doctor. Injuries unknown to a plaintiff without a doctor's diagnosis, such as in this case, is the exact type of claims North Carolina courts under *Wilder* and the 4th circuit in its progeny are trying to protect.

      Cook's reliance on *Cramer v. Ethicon, Inc.,* No. 1:20-CV-95-MOC-WCM, 2021 WL 243872, at \*9(W.D.N.C. Jan. 25, 2021) is misplaced. There the Court held that the disease exception did not apply because the Plaintiff's alleged urinary tract and bladder infections are not latent but "discrete medical events that occurred at readily identifiable points in time" (*Id* at \*10) and were known to be "directly attributable" to the implanted mesh. *Id.* at \*11. But here, Plaintiff did not know when the filter began perforating her vein or whether Plaintiff's pain and/or DVTs were attributable to the filter until the Plaintiff was diagnosed since pain and DVTs have a variety of causes. *Id*. (citing and discussing *In re Mentor* Corp., No. 4:13cv301, 2016 WL 4385846, at \*2 (M.D. Ga. Aug. 15,

---

[17] Dkt. 21335 at 21.
[18] *Id.*

2016)(which involved a situation where the Plaintiff's injury could be identified with a "single point in time" and distinguishing *Bullard* which involved pelvic inflammatory disease which has a "variety" of causes other than the IUD). Therefore, Plaintiff's claims fall under the "disease exception" to the SOR.

    4. <u>The 2009 SOR Amendment Extended Plaintiff's SOR Period.</u> The Biomet court raised a second unanswered question regarding claims not already "extinguished" under the 6-year SOR when it was extended to 12 years in October 2009. As noted in Biomet, while the 12-year SOR does not *resurrect* the Plaintiff's claim, it may extend the SOR because the claims were "alive and kicking" (though not yet accrued) when the legislature repealed N.C. Gen. Stat. §1-50(a)(6)" *Biomet, supra* at 12. So unlike in *In re Mentor*, *Lackey v. DePuy Orthopedics, Inc.* 2011 WL 2791264 (W.D. N.C. 2011), and *Cramer,*[19] Plaintiff's claims were not already "extinguished" by the six year SOR when it was amended in October 2009 because Plaintiff's filter was implanted on or about April 2, 2009.[20] Given the Plaintiff's claim were "alive and kicking" at the time the legislature amended N.C. Gen. Stat. §1-50(a)(6), and N.C. Stat. Ann. §1-52(16), her claims did not accrue until "bodily harm to the claimant becomes apparent…" in 2018, less than 12 years after implant. Therefore, Plaintiff's claims survive. [21]

For these reasons, Plaintiff respectfully requests the Court deny Cook's Motion.[22]

---

[19] In *Cramer* the court ruled the SOR disease exception did not apply to the specific facts in the case, the court also noted that Cramer's claims were also barred by the 6 year and the 12-year statute, therefore it did not matter what statute it applied. *Cramer v. Ethicon, Inc.*, 1:20-cv-95-MOC-WCM, at *11-12 (W.D.N.C. Jan. 25, 2021).
[20] Dkt. 21334 at 3
[21] In the alternative, the Plaintiff respectfully requests, given the current caselaw including *Biomet*, *Paraquat* and *Bullard*, the Court deny Cook's motion without prejudice and defer these questions until the case may be remanded and the issue addressed by courts in North Carolina.
[22] Plaintiff presents different issues and case law, regarding the North Carolina SOR, than in *Wilson* DKT 14066; 15084 and *Amey* DKT 20384. Therefore, Plaintiff respectfully requests a hearing to discuss these issues further.

|  |  |
|---|---|
|  | Respectfully Submitted, |
| Dated March 7, 2022. | */s/ Monte Bond*_____ <br> Monte Bond TX No. 02585625 <br> Jessica Glitz TX No. 24076095 <br> **Tautfest Bond, PLLC** <br> 5151 Belt Line Rd., Suite 1000 <br> Dallas, TX 75254 <br> Phone: (214) 617-9980 <br> Facsimile: (214) 853-4281 <br> Email: mbond@tbtorts.com <br> Email: jglitz@tbtorts.com <br> <br> ***Attorneys for Plaintiff*** |

## CERTIFICATE OF SERVICE

      I hereby certify that on March 7, 2022, a copy of the foregoing was filed electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Partiesmay access this filing through the Court's system.

                                      */s/Monte Bond*
                                      Monte Bond